UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

       Plaintiff,                     Case No. 24-cv-12737
                                            Hon. Brandy R. McMillion

v.

SEAN COMBS, ET AL.,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

     This matter is before the Court on the plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff Derrick Lee Cardello-Smith ("Cardello-Smith") is a prisoner in the custody of the Michigan Department of Corrections. Cardello-Smith has filed an application to proceed *in forma pauperis*. ECF No. 7. Upon review of Cardello-Smith's substantial litigation history in the federal courts, the Court concludes that he may not proceed *in forma pauperis* under 28 U.S.C. § 1915(g) and the case will be dismissed without prejudice.

I.

     A party bringing a civil action must either (1) pay the filing fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing

fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The filing fee for a civil action is $350. *See* 28 U.S.C. § 1914(a).[1] Unlike other civil litigants, prisoner-plaintiffs are not entitled to a complete waiver of the filing fee if they are granted *in forma pauperis* status. Instead, the prisoner-plaintiff is permitted to proceed by paying the filing fee in installments until the full fee has been paid. 28 U.S.C. § 1915(b). If a prisoner wishes to proceed *in forma pauperis*, the prisoner must file a certified trust account statement for the six-month period preceding the filing of the complaint and an affidavit of indigence. 28 U.S.C. § 1915(a)(2).

A prisoner may not proceed *in forma pauperis* where, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The only exception to the three-strikes rule is if the complaint plausibly alleges an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Courts may *sua sponte* apply the three-strikes rule and take judicial notice of a plaintiff's prior dismissals." *White v. Sturm*, ___ F. Supp. 3d

---

[1] Under § 1914(b) and the United States Courts Schedule of Fees, an administrative fee of $55 for filing any civil case also is required. *See* United States Courts, *District Court Miscellaneous Fee Schedule*, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited November 13, 2024). The $55 administrative fee does not apply if leave to proceed *in forma pauperis* is granted.

___, ___, 2024 WL 2963781, at *1 (E.D. Mich. June 12, 2024) (citations omitted).

The PLRA's three-strikes rule clearly applies to Cardello-Smith, as he has had at least seven civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim. *Smith v. Google*, 2:21-cv-11489, 2021 WL 3164282 (E.D. Mich. July 27, 2021); *North v. Scanlon*, No. 1:21-cv-518, 2021 WL 2934834 (W.D. Mich. July 13, 2021); *Smith v. Penman, et. al.*, No. 2:20-cv-12052, 2021 WL 634733 (E.D. Mich. Feb. 18, 2021); *Smith, et. al. v. Unis, et. al.*, No. 2:19-cv-12219, 2019 WL 3958394 (E.D. Mich. Aug. 22, 2019); *Smith v. Hall et al.*, No. 1:18-cv-277, 2018 WL 1602633 (W.D. Mich. Apr. 3, 2018); *Smith v. Lemaire*, No. 1:14-cv-644, 2015 WL 6133144 (W.D. Mich. Oct. 16, 2015); *Smith v. Wayne Cnty. Prosecutor's Office, et al.*, No. 2:09-cv-12287, (E.D. Mich. June 25, 2009).

Cardello-Smith also has been made aware that he is a three-striker because he has been denied leave to proceed *in forma pauperis* as a three-striker on multiple occasions. *See Smith v. Washington*, No. 20-1211, 2021 WL 302614 (W.D. Mich. Jan. 29, 2021); *Smith v. Writeaprisoner.com, Inc.*, No. 20-1201, 2021 WL 210716 (W.D. Mich. Jan. 21, 2021); *Smith v. Penman*, No. 18-1212, 2018 WL 6697270 (W.D. Mich. Dec. 20, 2018).

3

Cardello-Smith, therefore, may not proceed without prepaying fees and costs unless he satisfies the imminent-danger exception to the three-strikes rule. The complaint alleges that "Sean Combs did sexually assault the plaintiff after drugging a drink given to and consumed by the plaintiff in 1997" and that Combs conspired with the other named defendants to conceal the crime. ECF No. 1, PageID.1. Cardello-Smith's claims concern past events and he does not claim to be in imminent danger of serious physical injury. Therefore, he may not proceed under the imminent-danger exception to the three-strikes bar.

Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee *before* his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) (emphasis added). Because Cardello-Smith has not paid the full fee, his complaint will be dismissed without prejudice.

## II.

For the reasons stated, the complaint is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($55.00); and Cardello-Smith's Application to Proceed Without Prepaying Fees or Costs (ECF NO. 7) is **DENIED**. Cardello-Smith also filed a "Notice of Removal" requesting transfer of this case to the Southern District of New York (ECF No. 6); and given the Court's

dismissal, Cardello-Smith is free to refile his case in that district with the proper payment of the filing and administrative fee. The requested Notice of Removal (ECF No. 6) is therefore **DENIED AS MOOT**.

The Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: November 18, 2024        s/Brandy R. McMillion
                                Brandy R. McMillion
                                United States District Judge