12/23/24, 2:16 PM
Case 2:24-cv-12737-BRM-DRG ECF No. 12, PageID.57 Filed 12/23/24 Page 1 of 14
CM/ECF-U.S. District Court-mied
CLOSED,reassigned,sa_bb

# U.S. District Court
## Eastern District of Michigan (Detroit)
## CIVIL DOCKET FOR CASE #: 2:24-cv-13245-BRM-DRG

Cardello-Smith v. Combs
Assigned to: District Judge Brandy R. McMillion
Referred to: Magistrate Judge David R. Grand
Case in other court: New York Southern, 1:24-cv-08738
Cause: 28:1441nr

Date Filed: 12/05/2024
Date Terminated: 12/23/2024
Jury Demand: None
Nature of Suit: 560 Prisoner Petitions: Civil Detainee: Conditions of Confinement
Jurisdiction: Federal Question

**Plaintiff**

**Derrick Lee Cardello-Smith**     represented by    **Derrick Lee Cardello-Smith**
267009
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444
PRO SE

V.

**Defendant**

**Sean Combs**

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2024 | 1 | **TRANSFERRED** NOTICE OF REMOVAL from Eastern District of Michigan. Document filed by Derrick Lee Cardello-Smith. (sac) [Transferred from New York Southern; Case Number 1:24-cv-08738.] (Entered: 11/25/2024) |
| 12/05/2024 | 2 | ORDER: The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Michigan. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). (Signed by Judge Laura Taylor Swain on 11/25/2024) (tro) Transmission to Office of the Clerk of Court for processing. [Transferred from nysd on 12/5/2024.] (Entered: 11/26/2024) |
| 12/05/2024 | 3 | Docket Sheet from New York Southern; Case Number 1:24-cv-08738. (Entered: 12/05/2024) |
| 12/05/2024 |  | TEXT-ONLY NOTICE: This case has been transferred from the Southern District of New York. Pending motions must be refiled on this court's docket by the filing party. Attorneys |

| | | |
|---|---|---|
| | | not admitted to practice in this court must complete the attorney admissions application and be admitted before appearing on this court's docket. All previously filed documents can be accessed on the originating court's docket using PACER. (VLun) (Entered: 12/05/2024) |
| 12/17/2024 | [4](#) | ORDER REASSIGNING CASE from District Judge Matthew F. Leitman and Magistrate Judge Curtis Ivy, Jr to District Judge Brandy R. McMillion and Magistrate Judge David R. Grand. (SSch) (Entered: 12/17/2024) |
| 12/23/2024 | [5](#) | OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT. Signed by District Judge Brandy R. McMillion. (LHos) (Entered: 12/23/2024) |
| 12/23/2024 | [6](#) | JUDGMENT. Signed by District Judge Brandy R. McMillion. (LHos) (Entered: 12/23/2024) |
| 12/23/2024 | | TEXT-ONLY CERTIFICATE OF SERVICE re [5](#) Opinion & Order, [6](#) Judgment mailed to Derrick Lee Cardello-Smith #267009, EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 49444. (LHos) (Entered: 12/23/2024) |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH
    Plaintiff,

Vs

SEAN COMBS, et al,
    Defendant,
_____/

Case No 2:24-cv-12737
HONORABLE BRANDY MCMILLION

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOTHERN DISTRICT OF NEW YORK AS THE COURT OF CORRECT JURISDICTION FOR CIVIL ACTION FILED

Plaintiff, Derrick Lee Cardello-Smith, respectfully states that this Action is hereby Removed to the Correct Court of Jurisdiction and said Jurisdiction being in the following Court:
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF NEW YORK
500 PEARL STREET-Room 120
NEW YORK, NEW YORK 10007

The removal is based on the following Factors and Statements herein below.

1. The Case has been filed as a Breach of Contract by the Defendant(s) and primarily, Sean Combs.
2. Defendant Sean Combs resides in the State of New York.
3. The Court for New York has Specific Personal Jurisdiction over Defendant Sean Combs Pursuant to 28 U.S.C.§ 1332.
4. The New York Court has Jurisdiction because this Case is between Citizens of Different States.
5. Plaintiff states that the Amount in controversy exceeds $75,000.00.

5. TOhe New York Court has more specific jurisdiction over Defendant Sean Combs as he not only resides currently in New York, but the Acts of the Contract Signing took place in New York as well as Michigan, giving the New York court Jurisdiction.

6. venue is Also proper in New York as that some of the omissions giving ruse to the claims occurred and fall within the District of New York as well as Michigan.

7. Plaintiff also signed One of the Multiple Contracts in dispute and Controversy in the State of New York and also, Defendant Sean Combs Signed the Co-Plaintiffs Documents and Contract in New York as well, giving the New York Court Jurisdiction over this Matter.

As such, the Plaintiff hereby gives notice to the District or Michigan and is a Multi-Jurisdiction Matter and should be transferred to the US District Court for the Southern District of New York.

This matter also is within the Courts Authority to transfer this Case to the District of New York and is therefore asked and Notice to be removed to the Court of New York in accordance with the Federal Rules of Civil Procedure and Transferring of Cases.

## RELIEF SOUGHT

Wherefore, this Case is removed from the Eastern District of Michigan and Transferred to the Southern District of New York.

Thank you for your time in this matter.

Respectfully Yours,

Mr. Derrick Lee Cardelle-Smith         11-7-24
Plaintiff in Pro Per
#267009
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

2

Derrick Lee Cardelle-Smith
#267009
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

November 7, 2024

Clerk of the Court
Southern District of New York
500 Pearl Street-Room 120
New York, New York 10007

Derrick Lee Cardelle-Smith vs. Sean Combs
Case no 2:24-cv-12737

Dear Clerk:

Please find enclosed the following documents for placement and action by the Clerks Office.

1. NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AS THE COURT OF CORRECT JURISDICTION FOR CIVIL ACTION FILED.

PROOF OF SERVICE

Please notify me when the Clerks office has processed this Pleading and Transferred the Case.

Thank you for your time.

Derrick Lee Cardelle-Smith

Case 2:24-cv-07324-BMC Document 12, PageID 62 Filed 11/25/24 Page 6 of 14

NAME: Mr. Derrick Lee Cardello-Smith
Number: #267009
Address: E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

Mailed on 11-7-24

RECEIVED
SDNY PRO SE OFFICE
2024 NOV 13 PM 2:49

GRAND RAPIDS MI 493
8 NOV 2024 PM 6 L

Office of the Clerk
United States District Court
for the Southern District of New York
500 Pearl Street-Room 120
New York, New York 10007

USM4P
SDNY



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LEE CARDELLO-SMITH,

                Plaintiff,

-against-

SEAN COMBS,

                Defendant.

24-CV-8738 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Earnest C. Brooks Correctional Facility, in Muskegon, Michigan, styles this petition as a "Notice of Removal" of his federal action, *Cardello-Smith v. Combs*, No. 24-CV-12737 (E.D. Mich. Nov. 18, 2024) (dismissed without prejudice).[1] Plaintiff names Sean Combs as the sole defendant in this action. Plaintiff previously filed an action against Defendant Sean Combs in a Michigan state court (the 39th Circuit Court for the County of Lenawee), which Combs removed to federal court on the basis of diversity jurisdiction, where it remains pending *See Cardello-Smith v. Combs*, No. 24-CV-12647, 35 (JEL) (KGA) (E.D. Mich. Nov. 15, 2024) (denying motion to remand). For the following reasons, this action is transferred to the United States District Court for the Eastern District of Michigan.

**DISCUSSION**

**A.    Removal**

The statute governing removal of an action to federal court provides, in relevant part, as

---

[1] The Eastern District of Michigan dismissed that action without prejudice on the ground that Plaintiff was barred, under 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* while he is a prisoner, and he "has been made aware that he is a three-striker because he has been denied leave to proceed *in forma pauperis* as a three-striker on multiple occasions." *Cardello-Smith*, No. 24-CV-12737, 9 (E.D. Mi. Nov. 18, 2024) (collecting cases). Plaintiff has not submitted an *in forma pauperis* application or prisoner authorization form for this action.

follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Plaintiff's attempt to style this action as a Notice of Removal is improper for multiple reasons. First, removal is available only to a defendant – not a plaintiff. *Id.* § 1441 ("Any civil action . . . may be removed by the defendant . . . ."). Second, the procedure allows for removal to federal district court of an action pending in state court – not an action pending in another federal district court. This complaint therefore cannot be treated as a Notice of Removal.

**B.     Venue**

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff brings this new action against Defendant Combs for allegedly breaching an agreement. (ECF 1 at 1.) Plaintiff alleges that "the contract signing took place in New York, as well as Michigan." (*Id.*)

These claims against Combs are apparently already pending in the United States District Court for the Eastern District of Michigan. *Cardello-Smith*, No. 24-CV-12737 (E.D. Mich.). In that action, Plaintiff brings claims against Defendant Combs for allegedly (1) sexually assaulting him in 1997 in Michigan, (2) breaching a contract with Plaintiff, who had allegedly invested

2

$150,000 in Combs's Bad Boy record label; and (3) engaging in a conspiracy with then-Judge Kym Worthy of Wayne County, Michigan. *Cardello-Smith*, No. 24-CV-12737 (E.D. Mich.).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Where a plaintiff files duplicative, or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). In addition, a plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Here, Plaintiff already has a substantially similar action pending in the Eastern District of

3

Michigan. Plaintiff does not reside in this district, and he alleges that at least part of his claims arose in Michigan. (ECF 1 at 1.)

Under Section 1404(a), transfer appears to be appropriate for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of Michigan. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Michigan. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 25, 2024
        New York, New York

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        Chief United States District Judge

4

Case 2:24-cv-13245-BRM-DRG ECF No. 4, PageID.63 Filed 12/23/24 Page 11 of 14
Case 2:24-cv-13245-BRM-DRG ECF No. 24, PageID.67 Filed 12/17/24 Page 1 of 1
MIE (Rev. 9/09) Order Regarding Reassignment of Companion Case - Civil

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Derrick Lee Cardello-Smith,

          Plaintiff(s),                      Case No. 24-cv-13245

v.                                          Honorable Matthew F. Leitman

Sean Combs,                       Magistrate Judge Curtis Ivy, Jr.

          Defendant(s).
_____/

## ORDER REGARDING REASSIGNMENT OF COMPANION CASE

    This case appears to be a companion case to Case No. __24-cv-12737__. Pursuant to E.D. Mich LR 83.11, the Clerk is directed to reassign this case to the docket of the Honorable __Brandy R. McMillion__ and Magistrate Judge __David R. Grand__.

                                                     s/Matthew F. Leitman
                                                     Matthew F. Leitman
                                                     United States District Judge

                                                     s/Brandy R. McMillion
                                                     Brandy R. McMillion
                                                     United States District Judge

---

    Pursuant to this order, case assignment credit will be given to the appropriate Judicial Officers.
    Case type: __PRISONER__

    If the District Judge assigned to the companion case is located at another place of holding court, the office code will be changed accordingly.

Date: __December 17, 2024__                      s/ S Schoenherr
                                                          Deputy Clerk

cc:     Parties and/or counsel of record
          Honorable Brandy R. McMillion

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH

    Plaintiff,

v.

SEAN COMBS,

    Defendants.

_____/

Case No. 2:24-cv-13245
Hon. Brandy R. McMillion

## **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Plaintiff, Derrick Lee Cardello-Smith, is a Michigan prisoner presently confined at the Earnest C. Brooks Correctional Facility. On October 16, 2024, Plaintiff sued Sean Combs and other defendants in *Cardello-Smith v. Combs*, Eastern District of Michigan No. 2:24-cv-12737. On November 18, 2024, the case was dismissed under the "three-strikes" provision of 28 U.S.C. § 1915(g). *See* No. 24-12737, ECF No. 9.

On November 13, 2024, Plaintiff filed a "Notice of Removal" in the United States District Court for the Southern District of New York, improperly attempting to transfer Case No. 24-12737 to that Court. *See Smith v. Combs*, S.D.N.Y. No. 1:24-cv-08738. On November 25, 2024, the Southern District of New York entered an order transferring the case back to this Court. ECF No. 2. The Clerk's Office

1

opened the transferred case as a new case. Accordingly, before the Court for a second time is the same case Plaintiff attempted to transfer to the Southern District of New York.

District courts have "broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274-75 (6th Cir. 1985)). The present case is identical to the one previously dismissed by the Court under the three-strike rule. Therefore, the Court concludes that the case should be dismissed as duplicative of Case No. 2:24-cv-12737. Accordingly, this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file in Case Docket No. 2:24-cv-12737, the pleadings in this case, including a copy of this order.

**IT IS SO ORDERED.**

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge

Dated: December 23, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH

    Plaintiff,

v.

SEAN COMBS,

    Defendants.

_____/

Case No. 2:24-cv-13245
Hon. Brandy R. McMillion

## JUDGMENT

In accordance with the Opinion and Order of Summarily Dismissing Complaint, dated December 23, 2024, **IT IS ORDERED AND ADJUDGED** that this cause of action is **DISMISSED WITHOUT PREJUDICE**.

Dated at Detroit, Michigan, this 23rd, day of December, 2024.

                KINIKIA ESSIX
                CLERK OF THE COURT
                BY: <u>s/L. Hosking</u>
                DEPUTY CLERK

APPROVED:

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Court